UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff(s), | ) |
| vs. | ) Case No. 1:10CR 84 SNLJ |
| LEO SLAUGHTER,, | ) |
| Defendant(s). | ) |

## **REPORT AND RECOMMENDATION**

In his Motion to Dismiss Indictment Because of Witness Perjury and Government Violation of Disclosure Rule 12 (Document #35), defendant asks that the indictment be dismissed because of witness perjury, namely the testimony of Officer Josh Stewart of the Poplar Bluff Police Department. The defendant asks further that the indictment be dismissed because the government failed to provide proper disclosure of evidence under Rule 12, namely, that the government did not provide to the defendant a transcript of Officer Stewart's testimony at the defendant's state preliminary hearing on February 11, 2010.

The government filed Government's Response to Defendant's Motion to Dismiss Indictment (Document #37).

## **The Question of Perjury**

In an earlier document titled Motion to Suppress Witness Statements and to Dismiss Resisting Arrest Charge originally filed in the Circuit Court of Butler County, Missouri, but filed in this court as Supplement 2 to Document #32 in which defendant claims the same violation of Rule 12, Mr. Slaughter describes what he feels is the perjury of Officer Stewart:

Herein is the officer, Josh Stewart's, discrepancy in his testimony:

In the two blocks he's following the SUV north on Broadway up to Vine Street, in paragraphs #56 and #62 of the preliminary hearing transcript Officer Stewart testifies that he observed that the driver had on glasses and a sock hat. Yet, during nine to ten more pursuing weeks Officer Stewart testifies in paragraph #163 that he could not observe whether the driver was white, black or hispanic. But, for two blocks when following the SUV on North Broadway the officer said he could see. The driver was wearing a sock hat and glasses.

The court sees no evidence of perjury. Under the conditions of darkness which all parties acknowledge were present on January 19, 2010, at 4:00 o'clock in the morning, a person could see that someone has on glasses and a sock hat but at the same time not be able to tell whether that person is white, African-American or Hispanic.

The defendant's motion to dismiss the indictment on the basis of a witness's perjury should be denied.

### **Rule 12 Violation ?**

The defendant claims that the government violated Rule 12 by not providing to the defendant a transcript of the testimony of Officer Stewart at the state preliminary hearing for the defendant held on February 11, 2010. The defendant argues that the transcript of Stewart's testimony is "material evidence affecting the credibility of any witness." Mr. Slaughter alleges further that the transcript showing Stewart's testimony that he saw that the driver of the vehicle he was following had on a sock cap and was wearing glasses would affect the credibility of his later testimony at the motion to suppress hearing on July 13, 2010, which presumably would be the testimony at trial.

As found by the court earlier in this Report and Recommendation, the court finds no evidence of perjury in the two testimonies of Officer Stewart.

The government in its response to defendant's motion states:

The Government has contacted the Butler County Prosecutor's Office to determine whether a court reporter transcribed the preliminary hearing on February 11, 2010. No such transcript was ever prepared. Instead, the state public defender taped the hearing on his personal tape recorded and had one of his assistants prepare a transcript. This transcript is not available to the Government. The Government has confirmed that the State has no transcript.

Thus, the government could not have provided a transcript of the state preliminary hearing because it did not have a transcript.

The defendant is being less than candid when he accuses the government of violating Rule 12 in not providing him with a transcript of the preliminary hearing when, in fact, the defendant <u>has</u> a transcript. In his argument claiming perjury in both Document #32 (Motion to Dismiss Indictment Because of Speedy Trial Rights Violation and Rule 12 Violation) and the instant motion, Document #35 (Motion to Dismiss Indictment Because of Witness Perjury and Government Violation of Disclosure Rule 12), the defendant attaches extensive quotes from the transcript he now complains was not supplied to him. The quotations are contained in the federal court file as Supplement 2 to Document #32, titled Motion to Suppress Witness Statements and to Dismiss Resisting Arrest Charge filed in the Circuit Court of Butler County (Document #32-2) and in the attachment to the instant motion (Document #35) and listed as Document #35-1.

As the government points out in the section of its response and set out above, "... the state public defender taped the hearing on his personal tape recorder and had one of his assistants prepare a transcript. This transcript is not available to the Government."

Far from being deprived of the transcript of the state preliminary hearing, apparently the defendant is the only person who has the transcript.

The ground of violation of Rule 12 the defendant urges in his motion to dismiss the indictment

should be denied.

### Motion to Determine the Probability of a Fair Trial

The defendant has filed his Motion to Determine the Probability of a Fair Trial (Document #55) apparently asking the court to give an advisory opinion on whether a fair trial is possible in this case.

The court knows of no procedure in federal criminal law for the court to give such an advisory opinion.

In the Federal Rules of Civil Procedure there is a procedure for a court to issue a declaratory judgment (Rule 57) but even under that procedure a judgment may not be issued to determine advisory or hypothetical or abstract questions. BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975 (Fed. Circ. 1993); Maryland Cas. Co. v. Rosen, 445 F.2d 1012 (2d Cir. 1971).

As noted above, there is no such procedure for federal criminal procedure.

The defendant repeats his claim that the government has withheld evidence of a crime of perjury – which claim the court has found is without merit.

Defendant's Motion to Determine the Probability of a Fair Trial (Document #55) should be denied.

### Motion to Dismiss Indictment Because of a Conspiracy Against Defendant Rights

Defendant has filed his Motion to Dismiss Indictment Because of a Conspiracy Against Defendant Rights (Document #71).

Defendant complains of bias and prejudice by Patrolman Josh Stewart because Officer Stewart

wrote in his police report, "I am requesting a no bond hold be placed on Mr. Slaughter." Mr. Slaughter reports that the prosecutor recommended "No bail or in the alternative a $100,000 cash only bond."

It would serve a useful purpose to consider the facts which preceded the defendant's arrest. The following summarizes or quotes from the transcript of the evidentiary hearing held on July 13, 2010, concerning the defendant's Motion to Suppress Evidence (Document #21). Officer Josh Stewart was the only witness to testify:

At approximately 4:15 a.m. on January 19, 2010, Officer Joshua Stewart of the Poplar Bluff Police Department received a report of a burglar alarm at 303 Package, a local business located at 303 South Main Street in Poplar Bluff. 303 Package sells alcohol, firearms, ammunition, tobacco, and other items, and was closed when the alarm sounded.

Officer Stewart and Officer Darren Moore separately arrived on the scene soon after the dispatch. Officer Stewart noticed a large piece of concrete block, a chair, a hat, and a partial bag of potting soil lying near the front door of the business. Officer Stewart left to check the area to see if anyone had fled and Officer Moore remained in front of the building to secure the store and determine whether someone had entered through the front door.

Officer Stewart drove south on Main Street to the intersection of South Main and South Broadway, and turned north on Broadway to see if anybody traveled in that direction. After driving approximately one hundred feet, Officer Stewart saw a person walking in the parking lot of an apartment building at 400 South Broadway, which is within the same block as 303 Package. The individual was wearing dark clothing, a sock hat, and glasses. (Tr. 8). Officer Stewart placed his car in reverse, and as he pulled into the parking lot to establish contact, the individual fled on foot. (Tr.

9). The individual hurdled a wall on the edge of the parking lot and traveled east on Main Street. (Id.). Officer Stewart and Sergeant Kersey began searching the area for the individual, and meanwhile, Officer Moore advised Officer Stewart by radio that someone had entered 303 Package through an upper portion of the plexiglass door, and that numerous items lay scattered throughout the store.

Officer Stewart drove up a couple blocks on Broadway, looked around and began to drive south again on Main Street. As Officer Stewart was driving south on Main Street to the intersection at Broadway, he saw a black Chevy Tahoe pulling out from a parking space along the street and travel north on Broadway. (Tr. 11). With only a few minutes having elapsed since the individual fled, Officer Stewart began to follow the Chevy Tahoe. "At one point the driver turned to the right, at which point I could see he did -- he or she did have glasses on. Also appeared to be a male subject; however, was unable to see the hair due to the subject having a sock hat." (Tr. 12). Officer Stewart added, "That had been consistent with the initial observation I had whenever the subject fled." Id.

After the vehicle made the turn, Officer Stewart activated his emergency lights and attempted to initiate a traffic stop. The car continued to travel east on Vine toward the intersection of Main and Vine, and the driver failed to stop for the stop sign, turned right, and accelerated south on Main Street. (Tr. 13). The Tahoe reached a speed of 40 to 50 miles per hour, and Officer Stewart activated his siren and continued to pursue the vehicle south on Main street, following it around various turns, while it ran several more stop signs until the Tahoe began to slow while traveling east on Bartlett Street. The Tahoe traveled off the roadway and struck a street marker. (Tr. 15). Another officer was traveling towards the Tahoe with its emergency lights on, and the driver of the Tahoe exited the vehicle while it was still in motion. (Tr. 18).

The individual, wearing clothing consistent with that of the fleeing pedestrian, ran in front of the rolling vehicle and through a nearby yard of a residence. Officer Stewart gave chase on foot and unsuccessfully attempted to use his Taser on the individual, but ultimately tackled him in the backyard of the residence. (Tr. 19). The individual, later identified as defendant Leo Slaughter, was arrested and taken to the police station.

There is no question that the defendant attempted to flee, not only by running and jumping over a wall, but by trying to outrun in his vehicle police cars, by jumping out of a running car and by again running away on foot.

Officer Stewart's recommendation that Mr. Slaughter not receive a bond would appear to be based on Mr. Slaughter's propensity to flee and that if he received a bond, Slaughter would fail to appear in court. The recommendation does not show bias or prejudice against the defendant.

The recommendation may have also been based on Mr. Slaughter's criminal record as shown by the Pretrial Services Report entered into evidence at the detention hearing, which contains 19 felony convictions, including 4 for Burglary, 2 for Unlawful Use of a Weapon, 3 for Robbery in the First Degree, 3 for Armed Criminal Action and 1 for Arson in the First Degree. Officer Stewart may have felt the defendant, if released, would be a danger to the community.

The defendant has produced no evidence of a conspiracy of any kind against him.

Defendant's Motion to Dismiss Indictment Because of a Conspiracy Against Defendant Rights (Document #71) should be denied.

**Motion to Dismiss Because of Government's**

**Violation of Disclosure Rule 12**

Defendant has filed pro se his Motion to Dismiss Because of Government Violation of Disclosure Rule 12. (Document #72). That matter has been addressed in this Report and Recommendation at pages 2 and 3. The government has addressed the subject in Government's Response to Defendant's Motion to Dismiss Indictment (Document #73).

Defendant's Motion to Dismiss Because of Government's Violation of Disclosure Rule 12 (Document #72) should be denied.

**Motion to Dismiss Indictment Because of Witness
False Declarations July 13, 2010**

In his Motion to Dismiss Indictment Because of Witness False Declarations July 13, 2010 (Document #76), defendant again asserts that Officer Joshua Stewart committed perjury. This matter was addressed by the court in the Report and Recommendation (Document #58) filed on October 13, 2010, at pages 11-12, as well as in this Report and Recommendation at pages 1-2.

The government responded to defendant's claim of its use of perjured testimony in Government's Response to Defendant's Pro Se Motion to Suppress Statements (Document #50); it had done so earlier in Government's Response to Defendant's Motion to Dismiss Indictment (Document #37). Finally, the government discussed the question a third time in Government's Response to Defendant's Motion to Dismiss Indictment Because of Witness False Declarations. (Document #78).

For the reasons stated in the earlier Report and Recommendation (Document #58) and in this Report and Recommendation, Defendant's Motion to Dismiss Indictment Because of Witness False

Declarations July 13, 2010 (Document #76) should be denied.

**Motion to Have Three Prior Motions Responded To**

The defendant filed his Motion to Have Three Prior Motions Responded To (Document #63) citing his motions contained in Documents #32, #35 and #44 stating they had not been ruled on. Documents #32 and #44 refer to alleged Speedy Trial violations. These will be addressed by the District Judge, the Honorable Stephen N. Limbaugh, Jr. Document #35 is a Motion to Dismiss Indictment Because of Witness Perjury and Government Violation of Disclosure Rule 12. These subjects have been addressed as detailed above in this Report and Recommendation.

The subjects addressed in this motion (Document #63) either have been addressed or will be addressed by Judge Limbaugh.

Defendant's Motion to Have Three Prior Motions Responded To (Document #63) with reference to the undersigned should be denied as moot.

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Dismiss Indictment Because of Witness Perjury and Government Violation of Disclosure Rule 12 (Document #35); his Motion to Dismiss Indictment Because of a Conspiracy Against Defendant Rights (Document #71); his Motion to Dismiss Because of Government's Violation of Disclosure Rule 12 (Document #72); and his Motion to Dismiss Indictment Because of Witness False Declarations July 13, 2010 (Document #76) be denied.

**IT IS FURTHER ORDERED** that the defendant's Motion to Determine the Probability of a Fair Trial (Document #55) be denied; that defendant's Motion to Have Three Prior Motions Responded To (Document #63) as pertaining to the undersigned be denied as moot.

**IT IS FURTHER ORDERED** that this matter be set for trial.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

                                              */s/ Lewis M. Blanton*
                                              LEWIS M. BLANTON
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of December, 2010.